**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LUIS ENRIQUE ESPINOZA LEIVA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CIV-26-1823-SLP |
| WARDEN, DIAMONDBACK | ) | |
| CORRECTIONAL FACILITY[1], et al., | ) | |
| | ) | |
| Respondents. | ) | |

**<u>O R D E R</u>**

Before the Court is the Report and Recommendation [Doc. No. 15] (R&R) of United States Magistrate Judge Shon T. Erwin. The Magistrate Judge recommends granting, in part, the Petition. Petitioner and Respondents have each filed an Objection, [Doc. Nos. 16 and 17], and the matter is at issue. The Court reviews de novo any portion of the R&R to which a specific objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R and GRANTS, in part, the Petition.

---

[1] Respondents noted that Todd M. Lyons, Pamela Bondi, and Kristi Noem are no longer in their positions as Acting Director of ICE, U.S. Attorney General, and Department of Homeland Security, respectively. *See* [Doc. No. 9] at 1. The Magistrate Judge subsequently correctly substituted "Secretary Mullin, Attorney General Blanche, and Acting Director Ventruella" as federal respondents in this case. R&R, [Doc. No. 15] at 1; *see* Fed. R. Civ. P. 25(d).

## I. Background

Petitioner, who is proceeding *pro se*, is a citizen of Peru. On or around August 24, 2022, he entered the United States without inspection near San Luis, Arizona. On August 28, 2022, the Department of Homeland Security (DHS) placed Petitioner in removal proceedings and released him on his own recognizance under section 236 of the Immigration and Nationality Act (INA). On May 11, 2026, an immigration judge ordered Petitioner removed. Petitioner appealed the immigration judge's order, which remained pending at the time of the filing of the Petition.

On July 8, 2026, U.S. Immigration and Customs Enforcement (ICE) encountered Petitioner at its Dallas Field Office and arrested him pursuant to a warrant. That same day, ICE issued a Notice of Custody Determination under section 236 of the INA ordering Petitioner detained. Petitioner is currently detained at Diamondback Correctional Facility in Watonga, Oklahoma.

## II. Discussion

The Magistrate Judge recommended that the Court grant habeas relief and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral Immigration Judge (IJ) within ten (10) business days or, in the alternative, for Respondents to release Petitioner from custody.

The Court concurs with the Magistrate Judge's findings that § 1226(a) governs Petitioner's detention and rejects Respondents' interpretation of §§ 1226(a) and 1225(b)(2)(A). Under Tenth Circuit law, § 1226(a) governs the detention of immigration detainees who are similarly situated to Petitioner. *See Santillan Quiroz v. Mullin*, 180 F.4th

1226, 1240 (10th Cir. 2026) (holding that "§ 1225(b)(2)(A)'s application is limited to the border").[2] *See also* Resp. Obj. [Doc. No. 17] (". . .Respondents acknowledge that this case is controlled by [*Quiroz*]."). The Court, therefore, finds that § 1226(a) governs Petitioner's detention, and he is entitled to an individualized bond hearing.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 15] is ADOPTED and the Petition [Doc. No. 1] is GRANTED. Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days[3] of the date of this Order.[4]

IT IS FURTHER ORDERED that Respondents shall file a Notice of Compliance on or before 5:00 p.m., on November 30, 2026. If Respondents fail to timely comply,

---

[2] The majority of Circuit Courts, including "the Second, Sixth, and Eleventh Circuits have each held that § 1225(b)(2)(A) does not apply to unadmitted noncitizens who . . . are found in the country's interior." *Id.* at 1235 (citing *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258 (11th Cir. 2026); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026).

[3] The Magistrate Judge recommended ordering the Respondents to provide Petitioner a bond hearing within ten (10) business days. The Court finds that ordering Respondents to provide a bond hearing within seven (7) days is appropriate. *See Santillan Quiroz v. Mullin*, 180 F.4th at 1251 n.13 ("…[T]he district court shall order the Government to, **within seven days of such order**, either provide him with a bond hearing or else release him.) (emphasis added).

[4] Because the Court finds that habeas relief should be granted on Petitioner's statutory claim, the Court declines to address his remaining claims. Further, the Court notes that Petitioner filed a limited objection to the R&R, [Doc. No. 16], arguing that he was entitled immediate release as opposed to a bond hearing. However, the Tenth Circuit's decision in *Santillan Quiroz v. Mullin* limits the relief under Petitioner's statutory claim to a bond hearing. 180 F.4th 1226 180 F.4th at 1251 n.13.

including a failure to timely file a Notice, Petitioner shall immediately be released from custody. *See* 28 U.S.C. §§ 2241, 2243.[5]

IT IS FURTHER ORDERED that Respondents' counsel is directed to provide a copy of this Order to the warden of the facility where Petitioner is currently detained.

A separate judgment shall be entered.

IT IS SO ORDERED this 23rd day of November, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

[5] "In issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters as law and justice require." *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (citing 28 U.S.C. § 2243); *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release."); *see also Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention.").